NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIGUEL ANGEL SANCHEZ LA TORRE; YAQUELINE KRISTIMEN LIZA ALVAREZ; SABRINA AKIRA YACKELIN SANCHEZ LIZA; ANGHEL GIANLUCCA DE JESUS SANCHEZ LIZA, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-2106 <br><br> Agency Nos. <br> A241-910-452 <br> A241-910-453 <br> A241-910-454 <br> A241-910-455 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2025[**]
Seattle, Washington

Before: HAWKINS, CLIFTON, and BENNETT, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Miguel Angel Sanchez La Torre, Yaqueline Kristimen Liza Alvarez, and their two minor children (together "Petitioners"), natives and citizens of Peru, seek review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition for review. "[O]ur review 'is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.'" *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). "In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam).

Substantial evidence supports the agency's determination that Petitioners failed to establish any nexus between their alleged persecution and a protected ground. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i) and 1231(b)(3)(A). Nothing in the record suggests that the unfortunate incidents which Petitioners experienced were related to a protected characteristic. At no point did Petitioners indicate that their persecutors communicated anything related to their proposed particular social groups while they robbed, assaulted, or attempted to kidnap them. Threats and mistreatment, when based solely on a desire for financial gain, bear no nexus to a protected ground. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An

alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Failure to establish a nexus is dispositive of Petitioners' claims for both asylum and withholding of removal. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

Having determined that substantial evidence supports the agency's nexus determination, we decline to consider Petitioners' remaining arguments as to whether their alleged harms rise to the level of past persecution, or whether they are unable to safely relocate to Peru. *See INS v. Bagamasbad*, 429 U.S. 24, 25–26 (1976) (per curiam).

As to Petitioners' CAT claim, the record does not compel the conclusion that it is "more likely than not" that they will be tortured if removed to Peru. *Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir. 2005) (citation omitted). Petitioners have failed to demonstrate past torture and have provided no evidence that the attackers are still interested in them. *See Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) ("The record must show that it is more likely than not that the petitioner will face a *particularized* and *non-speculative* risk of torture."). Moreover, the generalized country conditions evidence to which Petitioners cite is "insufficient to meet [the CAT] standard." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per

curiam).  Substantial evidence thus supports the agency's conclusion that any fear of future harm is speculative.

The motion for a stay of removal [Dkt. Entry No. 3] is denied.  The temporary stay of removal is lifted.

**PETITION DENIED.**